### JOHN GILSEY *v.* HORATIO N. WILD.

An agreement to pay the plaintiff a specified sum if he would hire certain premises for a year, to commence on a future day, at a certain rent, and to be occupied for a specified purpose, is not an agreement which cannot be completed within one year, and which must be reduced to writing, under the statute of frauds, to make it obligatory.

Such an agreement is completed on the part of plaintiff when he has hired the premises and assumed the responsibility of paying the rent, pursuant to the request of the defendant.

APPEAL from a judgment of the Fourth District Court. The complaint in this action averred, that on the 18th day of March, 1855, the plaintiff, a segar dealer, was occupying the store No. 439 Broadway, at the yearly rent of $1,500; that he was about to leave at the close of the then current year, in consequence of the rent being raised to $1,600; that the defendant being then engaged in manufacturing and selling candies at a store very near to that occupied by plaintiff, and believing that if plaintiff surrendered the premises they would be hired for the purpose of a candy store in competition with that of defendant, agreed with plaintiff that if he would hire the store for another year from May 1st, then approaching, for a segar store, at the rent demanded, he, the defendant, would pay him one hundred dollars.

The defendant demurred to the complaint, contending that it should show a memorandum in writing of the promise sued upon. The justice overruled the demurrer.

The plaintiff then proved a verbal promise, as alleged in the complaint. The defendant moved for a nonsuit, which was denied.

Judgment was rendered for the plaintiff, from which defendant appealed.

*J. M. Ackley*, for the appellant, contended that the agreement was one which, by its terms, was not to be performed within one year from the making thereof, and was therefore void, unless evidenced by a memorandum in writing. 2 R. S., 4th ed., p. 17. The agreement was made on the 18th of March, 1855, and could not be fully and completely performed until the 1st of May, 1856. The consideration for defendant's promise was, that the plaintiff should hire and occupy the store as a segar store for one year, for the purpose of keeping it from being occupied by a person in the same business as defendant. Unless, therefore, plaintiff had hired and occuped the store during the entire year, he could recover nothing. Agreements which could not be completely performed on both sides within a year were within the statute. *Wilson* v. *Martin*, 1 Denio, 602 ; *Broadwell* v. *Getman*, 2 ibid. 87 ; *Spencer* v. *Halsted*, ibid. 606 ; *Lockwood* v. *Barnes*, 3 Hill, 128.

*N. A. Chedsey*, for the respondent.

BRADY, J.—The defendant promised to pay the plaintiff $100, if he would hire the part of the premises 439 Broadway for one year from May 1st, 1855, at a rental of $1,600, then occupied by plaintiff. The avowed object of the defendant, in thus inducing the plaintiff to take the premises again, was to keep a Mr. Kane out of them, whose business was similar to the defendant's, and whose proximity would be injurious. The plaintiff consented, and hired the premises. The complaint sets up these facts in detail, and, as they constitute a cause of action, the demurrer was

properly overruled by the justice. The statute of frauds has no application to them. The plaintiff's right of action was complete when he hired the premises, as requested. He had assumed the responsibility of paying the rent, in accordance with the request and upon the inducement of the defendant. The assumption of a supposed liability, which has no foundation in law or in fact, is not a sufficient consideration (*Cabot* v. *Haskins*, 3 Pick. 83); but that the assumption of an actual liability is, cannot be questioned. The acceptance of the contract by the plaintiff, and the execution of it in part, created an obligation on his part to pay the rent; and the thing done is a sufficient and completed consideration. The defendant was to pay $100 if the plaintiff assumed to pay $1,600, and the plaintiff assumed the payment. See *Phelps* v. *Townsend*, 8 Pick. 392. Whether the consideration of the defendant's promise was adequate or inadequate, makes no difference. The slightest consideration is sufficient to sustain the promise. *Oakley* v. *Booman*, 21 Wend. 588.

Judgment affirmed.